**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SOMCHAI SUWANPHANU,

              Plaintiff,

    v.

THE MOUNT SINAI HEALTH SYSTEM,
INC. D/B/A ST. LUKE'S – ROOSEVELT
HOSPITAL CENTER,

    -and-

THE ST. LUKE'S-ROOSEVELT HOSPITAL
CENTER C/O MOUNT SINAI HOSPITAL
GROUP,

              Defendants.

Civil Action No.:  16-cv-02896-ER

---

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................. 1

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF MATERIAL FACTS ............................................................................. 2

LEGAL ARGUMENT ......................................................................................................... 3

I.      THE STANDRDS APPLICABLE TO THIS MOTION ................................................. 3

II.     PLAINTIFF CANNOT PROVE FAILURE TO PAY OVERTIME UNDER
THE FLSA OR NYLL............................................................................................. 4

III.    PLAINTIFF CANNOT PROVE RETALIATION UNDER THE FLSA OR
THE NEW YORK LABOR LAW ............................................................................. 6

       A.     Plaintiff Cannot Prove He Engaged In Protected Activity .................................. 7

       B.     Plaintiff Cannot Prove Pretext For Retaliation .............................................. 10

CONCLUSION ................................................................................................................. 11

## INTRODUCTION

Defendant The St. Luke's-Roosevelt Hospital Center ("St. Luke's-Roosevelt") and The Mount Sinai Health System, Inc., which is correctly named Mount Sinai Health System, Inc. and which is erroneously named in this action,[1] (collectively "Defendants") submit this memorandum of law in support of their motion for partial summary judgment.  Summary judgment is warranted as to claims by the plaintiff, Somchai Suwanphanu ("Suwanphanu" or "Plaintiff") in his First Amended Civil Action Complaint ("Complaint") under the Fair Labor Standards Act ("FLSA") and New York Labor Law for unpaid overtime and for retaliation.  In support of their motion, Defendants rely on this memorandum of law and on the separate Local Rule 56.1 Statement of Material Fact in Support of Defendants' Motion for Partial Summary Judgment.

## PRELIMINARY STATEMENT

On July 9, 2015, St. Luke's-Roosevelt terminated Suwanphanu, a patient transporter, for violation of its well-established policy against falsification of hospital records.  As a patient transporter, Suwanphanu was responsible to accurately record his actions in relation to patient transport assignments.  If Suwanphanu made an error, he was required to report that immediately to his manager or supervisor.  On June 24, 2015, Suwanphanu failed to accurately record two patient transport jobs.  For each patient, he did not, in fact, move the patient, but he recorded in the hospital's records that he had moved the patients.

Consistent with its written policy prohibiting falsification of records, St. Luke's-Roosevelt terminated Suwanphanu, after investigation revealed that he had falsified patient transport records to indicate that he had completed two patient transports, which he had not, in fact, completed.  Although St. Luke's-Roosevelt has produced evidence that it took the same

---

[1] Without any evidence to support an employer-employee relationship, Plaintiff asserts claims against Mount Sinai Health System, Inc.

action—discharge—in two similar instances of falsification by other patient transporters in 2015 and 2016, Suwanphanu claims that his termination resulted from alleged retaliation because he raised a payroll issue to his manager, to his supervisor and to a secretary in the hospital's administration department.

Plaintiff now brings claims for unpaid overtime and retaliatory discharge under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 207(a) and 215, and New York Labor Law ("NYLL"), §§ 198, 215 and 663(1).  Plaintiff's claims for unpaid overtime under the FLSA and NYLL fail as a matter of law because Plaintiff cannot establish that he worked any overtime eligible hours during the relevant workweek.  Plaintiff's claims for retaliation under the FLSA and NYLL fail as a matter of law because he cannot prove that he engaged in protected activity. Even if he were to prove protected activity, his claims fail nonetheless because he cannot prove pretext in the reason for his termination and that retaliatory animus was the true reason for his termination.  Thus, Defendants are entitled to judgment as a matter of law on Plaintiff's Complaint as to Count I (FLSA overtime) in total, Count II (NYLL unpaid wages) as to any claim for unpaid overtime, and Counts III (FLSA retaliation) and IV (NYLL retaliation) in total.[2]

## STATEMENT OF MATERIAL FACTS

Defendants refer to and incorporate the separate Local Rule 56.1 Statement of Material Facts in Support of Defendants' Motion for Partial Summary Judgment.  References herein to that statement are in the form "SOF ¶ __."

---

[2] To the extent Plaintiff claims unpaid gross wages in the amount of $147.20 related to a payroll error during the payroll period June 4 through 20, 2015, Defendants do not seek summary judgment.

## LEGAL ARGUMENT

### I.     THE STANDARDS APPLICABLE TO THIS MOTION

A party is entitled to summary judgment when the undisputed facts warrant judgment in its favor as a matter of law.  Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Once the moving party meets its initial burden of demonstrating the absence of genuine issues of material fact, the non-moving party must set come forward with "concrete evidence" showing that there is a genuine issue for trial.  Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000), cert. denied, 540 U.S. 811 (2003).

If the moving party satisfies its initial burden, "the burden shifts to the nonmovant to proffer evidence demonstrating that a trial is required because a disputed issue of material fact exists."  Weg v. Macchiarola, 995 F.2d 15, 18 (2d Cir. 1993).  In opposing a motion for summary judgment, a plaintiff may not rely on conclusory statements or mere contentions that the evidence in support of summary judgment is not credible.  See D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998), cert. denied, 524 U.S. 911 (1998).  To survive summary judgment, a plaintiff "must point to more than a 'scintilla' of evidence in support of [his] position."  Duviella v. Jet Blue Airways, 353 Fed. App'x. 476, 477 (2d Cir. 2009).  The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), cert. denied, 481 U.S. 1029 (1987).  See F.D.I.C. v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1224 (2d Cir. 1994).

Where, as here, the nonmoving party bears the burden of proof at trial on dispositive issues, he must come forward and make an evidentiary showing sufficient to establish each essential element of his claim.  See Celotex Corp.  v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct.

2548, 91 L.Ed.2d 265 (1986).  These facts must be in the form of admissible and significantly probative evidence.  See Anderson, 477 U.S. at 249-50.  "The non-movant cannot escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts . . .  or defeat the motion through mere speculation or conjecture." Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir. 1990) (internal citation and quotation marks omitted); see also Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995) (explaining that "[t]he party opposing summary judgment may not rely simply on conclusory statements . . . or upon the mere allegations or denials of the adverse party's pleading.") (internal citations and quotation marks omitted).  Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex at 322.

## II.   PLAINTIFF CANNOT PROVE FAILURE TO PAY OVERTIME UNDER THE FLSA OR NYLL

Suwanphanu claims he is owed overtime under the FLSA based on a paystub for the payroll period June 14 through 20, 2015 (the "Workweek"). SOF ¶ 76.   The sole basis for Plaintiff's claim is that the paystub shows pay for 45 regular hours. SOF ¶ 76.

Section 207(a) of FLSA, upon which Suwanphanu bases his claim for overtime, provides:

Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).   Like the FLSA, the NYLL requires that employers provide time-and-a-half compensation for an employee's work hours exceeding forty per week, and adopts the same methods used by the FLSA for calculating overtime wages.   N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.2.

To establish liability under the FLSA on a claim for unpaid overtime, a plaintiff must prove that he performed work for which he was not properly compensated, and that the employer had actual or constructive knowledge of that work.  Kuebel v. Black & Decker Inc., 643 F.3d 352, 361 (2d Cir. 2011) (citing Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 686-87, 66 S. Ct. 1187 (1946)).   Plaintiff bears the burden of showing insufficient payment for hours worked.  McNamara v. The Associated Press, 40 F.Supp.3d 345, 353 (S.D.N.Y. 2014) (granting summary judgment on overtime claim where the plaintiff did not offer any evidence that she worked more than forty hours in a given workweek).

Here, Suwanphanu cannot meet his burden to prove that he is entitled to overtime pay for hours worked during the Workweek.  Despite the payroll calculation and payment for 45 hours of regular pay in the June 25, 2015 payroll check, Suwanphanu testified that he worked only 37.5 hours during the Workweek. SOF ¶ 75.   Indeed, St. Luke's-Roosevelt's records, including the sign in/out sheets and the time entry records for the period from June 14 through 20, 2015, also show that Suwanphanu worked 37.5 regular hours and no overtime hours during the Workweek. SOF ¶¶ 74 and 75.  As his manager and supervisor tried to explain to him at the time he raised the issue in late June 2015, the paystub dated June 25, 2015, reflected 45 hours of regular pay because it included 7.5 hours of pay for the correction of the error in his payroll check dated June 4, 2015 for the pay period May 24 through 30, 2015.  SOF ¶¶ 70 -76.

There is no dispute between the parties that Suwanphanu worked only 37.5 hours during the Workweek. Thus, his claim for overtime pay under the FLSA fails as a matter of law because he does not claim, nor can he prove, that he worked in excess of 40 hours during the Workweek. See McNamara, 40 F.Supp.3d at 353 (granting summary judgment on overtime claim where the plaintiff did not offer any evidence that she worked more than forty hours in a given workweek).

Although he does not specify in his Complaint, assuming Plaintiff also seeks overtime under the NYLL § 663(1) and § 198, such a claim under New York law fails for the same reason that his claim under the FLSA fails, namely that Suwanphanu can present no evidence that he worked overtime hours for which he was not compensated with the appropriate wage rate during the specified workweek.

## III. PLAINTIFF CANNOT PROVE RETALIATION UNDER THE FLSA OR THE NEW YORK LABOR LAW

Plaintiff claims that his termination resulted from retaliation under the FLSA and NYLL and not from his falsification of hospital records. Section 215(a)(3) of the FLSA makes it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or institute or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." 29 U.S.C. § 215(a)(3). NYLL contains a similar provision. See N.Y. Lab. Law § 215(a). The Second Circuit has held that retaliation claims under the FLSA and the NYLL are subject to the three-step burden shifting framework established by McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). See Mullins v. City of New York, 626 F.3d 47, 53 (2d Cir. 2010) (as to FLSA); Copantitla v. Fiskardo Estiatorio, Inc., 788 F.Supp. 2d 253, 302 (S.D.N.Y. 2011) (as to NYLL).

Under the <u>McDonnell Douglas</u> framework, a plaintiff alleging retaliation under the FLSA or the NYLL must first establish a <u>prima facie</u> case of retaliation "by showing (1) participation in protected activity known to the defendant, like filing an FLSA lawsuit; (2) and employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." <u>Mullins</u>, 626 F.3d at 53. <u>See</u> <u>Graves v. Deutsche Bank Secs., Inc.</u>, 548 Fed.Appx. 654, 656 (2d Cir. 2013) (under the Age Discrimination in Employment Act); <u>Gozynski v. JetBlue Airways Corp.</u>, 596 F.3d 93, 110 (2d Cir. 2010).

If a plaintiff is able to meet his burden of proof as to the <u>prima facie</u> case, the "burden shifts to the defendant to articulate legitimate, non-discriminatory reason for the action." <u>Mullins</u> 626 F. 3d at 53. If the defendant is able to articulate a legitimate, non-discriminatory reason for the action, the burden of proof shifts back to the plaintiff and he must "produce sufficient evidence to support a rational finding that the legitimate, non-discriminatory reasons proffered by the defendant were false, and that more likely than not discrimination was the real reason for the employment action." <u>Id.</u> at 53-54 (internal quotation marks and citations omitted).

Here, Plaintiff cannot prove that he engaged in protected activity under the FLSA and the NYLL and he cannot show that the stated reason for his termination, a finding that he falsified hospital records, is a pretext for retaliation under the FLSA or NYLL.

**A.      Plaintiff Cannot Prove He Engaged In Protected Activity**

Suwanphanu claims that he engaged in protected activity under the FLSA and NYLL by verbally raising concerns about payroll errors to his manager, Guzman, his supervisor, Oliver and a secretary in the hospital's administration office, Torres. Section 215(a)(3) of the FLSA does not limit its protections to employees who file formal, written complaints with government agencies. 29 U.S.C. § 215(a)(3).

Consistent with principles set forth by the United States Supreme Court in Kasten v. Saint-Gobain Performance Plastics Corporation, 563 U.S. 1, 131 S.Ct. 1325, 179 L.Ed.2d 379 (2011), the Second Circuit has held that the phrase "file[] any complaint" encompasses oral complaints made to employers in a context that makes the assertion of rights plain." Greathouse v. JHS Security Inc., 784 F3d 105, 115 (2015).

The court in Greathouse made it clear that a complaint must include " '*some* degree of formality.' " Id. at 116 (quotation omitted). The complaint must be formal enough, " 'where the recipient has been given fair notice that a grievance has been lodged and does, or should, reasonably understand the matter as part of its business concerns[.]' " Id. (quotation omitted). The court noted that "an employer may find it difficult to recognize an oral complaint as one invoking rights protected by the FLSA.  It seems inconsistent with Kasten to  elevate a grumble in the hallway about an employer's payroll practice to a complaint 'filed' with the employer within the meaning of section 215(a)(3)." Id. at 116.  Greathouse requires that an oral complaint need not invoke the statute by name, but must be "sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the [FLSA] and a call for their protection." Id. at 107 (quoting Kasten, 131 S.Ct. at 1335) (internal quotations omitted).  Like the FLSA, a plaintiff making a retaliation claim under NYLL "must show that [he] 'complained about a specific violation of the Labor Law.' " Kassman v. KPMG LLP, 925 F. Supp. 2d 453, 472 (S.D.N.Y. 2013) (quotation omitted). "An employee need not cite a specific statute, ... but her 'complaint to the employer [must] be of a colorable violation of the statute....' " Id. at 473 (internal quotation and other citations omitted).

Applying these standards, district courts in the Second Circuit have found that internal, oral complaints that are suggestive of a violation of law or illegality meet the standard under

Kasten and Greathouse and complaints that are not framed in terms of potential illegality did not. Compare Dunn v. Sederakis, 143 F.Supp. 3d 102, 112-114 (2015) (granting motion to dismiss FLSA retaliation claim holding that an oral complaint to human resources personnel and supervisor about unpaid overtime was not protected activity under FLSA) with Trowbridge v. Wernicki, 2015 WL 3746346, at *5 (D. Conn. June 15, 2015) (denying motion to dismiss where plaintiff alleged that in complaining about unpaid wages, she explicitly invoked her employer's "compensation obligations under the FLSA") and Brown v. Hearst Corp., 2015 WL 5010551, at *1 (D. Conn. August 24, 2015) (denying motion to dismiss where the plaintiff "repeatedly told [defendants] that their failure to pay her overtime compensation was illegal").

Here, Suwanphanu's internal complaints did not put Defendants on notice of anything more than the fact of payroll errors in his payroll checks and his mistaken belief that he was owed overtime pay because a paystub showed pay for 45 regular hours.   SOF ¶¶ 64 - 86. Nothing in Suwanphanu's testimony about his oral complaints was sufficient to put Defendant on notice that Suwanphanu was claiming that the payroll errors constituted a violation of law and that he was calling for the protection of the laws.   He did not threaten to go to an outside agency, department or the court with his concerns.   Indeed, he did not invoke the law, or even the notion of illegality in his words to his manager, his supervisor and the secretary for the administration department of the hospital. SOF ¶¶ 64 – 86.

Because Suwanphanu's oral complaints to Guzman, Oliver and Torres were not "sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the [FLSA or NYLL] and a call for their protection," they do not constitute protected activity under the statutes and Plaintiff cannot meet his burden of proof at the prima facie stage on his claims for retaliation.

**B.      Plaintiff Cannot Prove Pretext For Retaliation**

Even assuming Plaintiff could put forward a <u>prima facie</u> case of retaliation, he has failed to put forth any evidence of pretext to show that St. Luke's-Roosevelt's articulated reason for his termination, falsification of hospital records, is not the true reason and that retaliatory motive was the real reason.  Defendants claim that Plaintiff falsely entered completion codes in the St. Luke's-Roosevelt TeleTracking records for two job assignments on June 24, 2015.  Far from demonstrating,  by specific reference to the record evidence, the pretextual nature of this reason, Plaintiff agrees that he has no evidence of retaliation or pretext.  SOF ¶¶ 87 – 90.

Here, Defendants have put forth evidence showing that St. Luke's-Roosevelt had an established policy prohibiting falsification of hospital records and providing for immediate disciplinary action, up to and including discharge.   SOF ¶¶ 16, 17, 18, and 63.   Plaintiff acknowledges that it was his responsibility to provide accurate and truthful information in relation to his job duties, and that if he did not, he could be disciplined. SOF ¶ 18.  Plaintiff's termination for falsification was consistent with other cases where transport employees falsely entered job status information of in progress or completion in the hospital's TeleTracking records.   SOF ¶ 17, 62 and 63.   Defendants have also presented evidence of the reason for Plaintiff's termination, SOF ¶¶ 43-45, the investigation conducted before that decision was made, SOF ¶¶ 27 – 42, the records reviewed and collected as part of that investigation, SOF ¶¶ 28, 29, 30, 32, and 35, Plaintiff's own statements about the two job assignments, SOF ¶¶37-40, and the review of the termination decision within the context of the Step III hearing and union grievance process. SOF ¶¶ 46-61.

Because St. Luke's-Roosevelt has offered its legitimate, non-retaliatory reason for Plaintiff's termination, together with ample evidence to support that reason, and because Plaintiff

cannot prove pretext in St. Luke's-Roosevelt's reason for his termination, Defendants are entitled

to  summary judgment as to Counts III and IV of the Complaint.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this court grant their

motion for partial summary judgment, and dismiss in whole Plaintiff's claims under Count I,

Count III and Count IV of the Complaint, and dismiss Plaintiff's claims under Count II of the

Complaint to the extent he seeks unpaid overtime.

Respectfully submitted,


/s/ Siobhan Sweeney
Siobhan M. Sweeney
Pro hac vice
LITTLER MENDELSON, P.C.
One International Place, Suite 2700
Boston, MA 02110
T: 617-378-6097
F: 617-507-5634
Email:  ssweeney@littler.com

Marcy A. Gilroy (MG-7435)
LITTLER MENDELSON, P.C.
One Newark Center
1085 Raymond Boulevard, 8th Floor
Newark, NJ 07102
T: 973-848-4700
F: 973-643-5626
Email: mgilroy@littler.com

*Counsel for The St. Luke's-Roosevelt Hospital Center and for the erroneously named Mount Sinai Health System, Inc.*

Dated:  August 21, 2017

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that on this 21st day of August 2017, I electronically filed the above document with the Clerk of the District Court using the CM/ECF system, and I hereby certify that a copy of the within was served via the Court's ECF filing system upon plaintiff's counsel of record as follows:

Alex Umansky
Law Office of Yuriy Moshes
322 West 48th Street, 6th Floor
New York, NY 10036
aumansky@mosheslaw.com

                         /s/ Siobhan M. Sweeney
                         Siobhan M. Sweeney